IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50913
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MARTIN VEGA-BENAVIDES,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. 96-CR-217-1
- - - - - - - - - -
September 30, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[1]

    Martin Vega-Benavides appeals his conviction for conspiracy
to possess with intent to distribute marijuana and possession
with intent to distribute marijuana.  He argues that: (1) the
evidence is not sufficient to support his conviction; (2) the
court's questioning of a key defense witness was improper and
constituted a denial of a fair trial; (3) the court's revocation
of his bond after the first day of trial was prejudicial and
constituted a denial of a fair trial; and (4) the exclusion of
evidence of a co-defendant's flight and the court's refusal to

_____

    [1]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

instruct the jury concerning this flight were improper.  We reject these contentions and affirm the conviction.

Vega-Benavides first contests the sufficiency of the evidence to support his conviction.  When considering a challenge to the sufficiency of the evidence if a motion for acquittal is made at the close of the evidence, this court will affirm the conviction if a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt after considering the evidence in the light most favorable to the jury's verdict.  See United States v. Bermea, 30 F.3d 1539, 1551 (5th Cir. 1994). Determining the weight and credibility of the evidence is the jury's responsibility.  United States v. Martinez, 975 F.2d 159, 160-61 (5th Cir. 1992).  This court will not substitute its own determination of credibility for that of the jury.  Id.

To establish guilt of a drug conspiracy, the Government must prove beyond a reasonable doubt the existence of an agreement to possess with intent to distribute an illicit substance, the defendant's knowledge of the agreement, and his voluntary participation in it.  United States v. Lewis, 902 F.2d 1176, 1180-81 (5th Cir. 1990). The jury may infer a conspiracy from circumstantial evidence and may rely upon presence and association, along with other evidence.  United States v. Polk, 56 F.3d 613, 619 (5th Cir. 1995).  Although presence at the crime scene alone is insufficient to support an inference of participation in a conspiracy, "the jury may consider presence and association, along with other evidence, in finding

conspiratorial activity by the defendant." United States v. Chavez, 947 F.2d 742, 745 (5th Cir. 1991).

The evidence was sufficient to support Vega-Benavides's conviction for conspiracy to possess with the intent to distribute marijuana. Vega-Benavides was observed by agents coming back and forth across the Mexican-United States border. He requested the key for the room that had been rented by Aurelio Jaimes-Tavera, who was subsequently found to have been driving a red Geo, which contained a distributable amount of marijuana. Vega-Benavides also rode in the Geo. He admitted that he stayed in the hotel room with Jaimes-Tavera. He also was seen leading and tailing the red Geo. Vega-Benavides went to a house where agents found additional marijuana. The border patrol agent testified that when he stopped Vega-Benavides, he was nervous and was in possession of a cellular phone that was alerted to by a narcotics dog.

To convict Vega-Benavides of the possession charge, the Government must show beyond a reasonable doubt that he possessed marijuana, that he intended to distribute it, and that he did these two things knowingly. See United States v. Moreno-Hinojosa, 804 F.2d 845, 847 (5th Cir. 1986). Possession may be actual or constructive, joint among several people, and proved by circumstantial evidence. Id. Constructive possession exists when the defendant has ownership, dominion, and control over the contraband itself, or the area where it is located. United States v. Sacerio, 952 F.2d 860, 866 (5th Cir. 1992).

The court gave a <u>Pinkerton</u>[2] instruction to the jury. "A party to a conspiracy . . . may be held responsible for a substantive offense committed in furtherance of the conspiracy, even if that party has no knowledge of the substantive offense." <u>Sacerio</u>, 952 F.2d at 866 (5th Cir. 1992). In light of the <u>Pinkerton</u> instruction and the sufficient evidence on the conspiracy count, the evidence is sufficient to support Vega-Benavides's conviction on the substantive count of possession. <u>Sacerio</u>, 952 F.2d at 866 (insufficient evidence on conspiracy count prevents use of coconspirator liability to decide sufficiency issue on substantive count).

"The general rule is that 'an accused may not be convicted on his own uncorroborated confession.'" <u>United States v. Garth</u>, 773 F.2d 1469, 1479 (5th Cir. 1985)(quoting <u>Smith v. United States</u>, 348 U.S. 147, 152 (1954)). The Government must introduce evidence to corroborate a confession or extra-judicial statement. <u>United States v. Abigando</u>, 439 F.2d 827, 832 (5th Cir. 1971). Corroborative evidence need not be sufficient, independent of the defendant's confession or admission, to establish every element of the charged offense. <u>Id</u>. at 833. Some elements of the offense may be proved by the confession alone. <u>Id</u>.

The evidence was sufficient to corroborate Vega-Benavides's confession. Vega-Benavides confessed that he was paid to load the marijuana and take the marijuana to a stash house in Austin. He stated that he was hired for the job because he was familiar

---

[2] <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

with Austin.  He was seen by agents at 1232 Montemayor where a distributable amount of marijuana was subsequently found, was seen in the presence of Jaimes-Tavera, and was observed tailing and leading the red GEO, which also contained a distributable amount of marijuana.  Because the evidence must provide only corroboration rather than independent proof of guilt, the evidence need only be enough the make the confession reliable and to allow the jury to infer that it is the truth.  The evidence met this requirement.

Vega-Benavides argues that the district court gave the appearance of partiality toward the prosecution so as to deny him a fair trial by questioning a key defense witness.  Jeanette Hunt, a board certified forensic documents examiner, gave her expert opinion that the signature on Vega's purported confession was not genuine; she suspected that the signature had been traced.  The court proceeded to question Ms. Hunt in a manner which Vega-Benavides argues was prejudicial.

Because Vega-Benavides did not object to the trial court's questioning of Hunt, this court's review is limited to plain error.  Under Fed.R.Crim.P. 52(b), this court may correct forfeited errors only when an appellant shows:  (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights.  United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 731-36 (1993)).  If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that

discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Olano, 507 U.S. at 736.

We find that the court's questioning of Hunt did not demonstrate any bias in favor of the prosecution and did not rise to the level of plain error.  The court's first line of questioning was an attempt to clarify whether Hunt considered the signatures on the written confession and the consent-to-search form to be forgeries.  The court did not err in asking these questions.  See United States v. Bartlett, 633 F.2d 1184, 1188 (5th Cir. 1981) (the court may elicit testimony in an effort to clarify ambiguities).  The court then presented a hypothetical to determine how "comfortable" Hunt was in her analysis.  This line of questioning was arguably favorable to Vega-Benavides.  Hunt was able to testify that she was comfortable in her analysis, that she believed that her analysis could be more accurate than eyewitness testimony, and that her analysis had been critical in a murder trial.  The district judge's questioning, viewed as a whole, did not amount to an intervention that could have led the jury to a predisposition of guilty by improperly confusing the functions of judge and prosecutor.  Bermea, 30 F.3d at 1569.

Vega-Benavides also argues that the revocation of his bond after one day of trial added to the perception that the court favored the prosecution.  He contends that his appearance before the jury in prison clothes, with a prison bracelet, unshaven, and surrounded by marshals after the first day of trial suggested to the jury that the evidence presented on the first day of trial

was sufficient for a conviction and that he had been imprisoned because he was guilty. We reject this claim. The court told Vega-Benavides that his wife could bring him a change of clothes. There is no indication that the jury could see the prison bracelet or that the marshals' presence was sufficient to suggest to the jury that he was guilty. The district judge's actions, viewed as a whole, did not deprive Vega-Benavides of a fair trial.

Lastly, Vega-Benavides contends that the district court erred in excluding evidence of a codefendant's absence or flight and erred in failing to give an instruction regarding a codefendant's flight. The evidence of the codefendant's flight did not tend to make the determination of Vega-Benavides's guilt less probable than it would have been without the evidence. Even if the evidence had been admitted, the jury simply could have concluded that Vega-Benavides had the unfortunate luck of getting caught, while Jaimes-Tavera was able to elude law enforcement officers. The district court did not err in excluding the evidence. See United States v. Skipper, 74 F.3d 608, 612 (5th Cir. 1996)(this court reviews the admission of evidence only for abuse of discretion; even if there is an abuse of discretion, the error is reviewed under the harmless error doctrine). Accordingly, the district court was not required to give the requested flight instruction.

For the foregoing reasons, we AFFIRM the district court's judgment of conviction.